**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT REISH; KATHLEEN REISH; RYUKO, INC.,

No.    20-17329

Appellants,

D.C. No. 2:20-cv-00554-DLR

v.

MEMORANDUM*

PHOENIX HELIPARTS, INC.; PHOENIX HELIPARTS, INC. LIQUIDATION TRUST; LOUIE MUKAI,

Appellees,

v.

AZERBAIJAN MINISTRY OF DEFENSE, Proposed Intervenor,

Movant.

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted November 17, 2021
Phoenix, Arizona

Before:  MURGUIA, Chief Judge, and CLIFTON and BRESS, Circuit Judges.

---

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellant Robert Reish ("Reish") seeks to vacate or reverse two orders in an adversary proceeding against Defendant-Appellee Louie Mukai, the Chapter 11 trustee ("Trustee") for Debtor Phoenix Heliparts, Inc. ("PHP"). The first order avoided the transfer of a helicopter from PHP to Reish and required Reish to return the value of the helicopter to the estate. The second order determined that Reish could not claim relief under Federal Rule of Civil Procedure 60(b) and must return $2.15 million to PHP's estate, notwithstanding a $2.1 million judgment against Reish in a separate but related case. We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm both orders.

Reish first challenges the district court's denial of relief under Rule 60(b). Reish argues that a judgment entered against him in favor of the Azerbaijan Ministry of Defense ("AMOD") in a separate breach-of-contract action (the "AMOD Judgment") constituted a "material change in circumstances" under Rule 60(b)(5) that warranted vacatur of the district court's order affirming Reish's obligation to pay $2.15 million to PHP's estate.

We review an appeal from denial of Rule 60(b) relief for abuse of discretion. *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019). A court can "modify or vacate a judgment or order" under Rule 60(b)(5) "if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009)

(citation and internal quotation marks omitted). Here, the district court did not abuse its discretion in concluding that the AMOD Judgment did not constitute either "information that the [district] [c]ourt overlooked" or "new facts or legal authority otherwise justifying reconsideration." First, Reish does not dispute that he knew about the AMOD action while separately challenging his obligation to return $2.15 million to PHP's estate. Although it was foreseeable that Reish could be found separately liable both (1) to PHP's estate (as the initial transferee of the aircraft) and (2) to AMOD (as the supplier of a non-conforming good), Reish failed to interplead the proceeds from his sale of the aircraft or otherwise consolidate the separate actions. Second, after this court upheld the AMOD Judgment, *see Azer. Ministry of Def. v. Reish*, 815 F. App'x 180 (9th Cir. 2020), Reish provided the district court with a copy of the Ninth Circuit's disposition. Thus, the district court was aware of this development and, by its own acknowledgment, "considered [Reish's] supplemental material" when, two months later, it affirmed the bankruptcy court's order directing Reish to turn over $2.15 million to PHP's estate. For these reasons, the district court did not abuse its discretion in concluding that Reish had not established a significant change in factual circumstances, and therefore was not entitled to relief under Rule 60(b)(5) or any other subsection of Rule 60(b).

In addition, Reish challenges the district court's affirmance of the

bankruptcy court's avoidance order, which invalidated PHP's transfer of the aircraft to Reish and held that Reish was liable to PHP's estate for the value of the aircraft. Reish argues that he held a "special property" interest in the aircraft under Arizona state law, and that this interest takes priority over the Trustee's powers in bankruptcy.

This court's "role in a bankruptcy appeal is essentially the same as that of the district court, [and] thus, we directly review the bankruptcy court's decision." *In re Icenhower*, 757 F.3d 1044, 1049 (9th Cir. 2014) (citations and internal quotation marks omitted). The court reviews the bankruptcy court's factual findings under the clearly erroneous standard, *In re Rifino*, 245 F.3d 1083, 1086 (9th Cir. 2001), and reviews "conclusions of law and mixed questions of law and fact *de novo*," *In re Icenhower*, 757 F.3d at 1049.

The bankruptcy court correctly concluded that the Helicopter Purchase Agreement ("HPA") between PHP and Reish was a mixed contract involving both goods and services. Where, as here, "the transaction at issue includes both goods and services, most courts," including those in Arizona, "seek to determine whether the predominant aspect and purpose of the contract is the sale of goods or the providing of services," *Double AA Builders, Ltd. v. Grand State Constr. L.L.C.*, 114 P.3d 835, 841–42 (Ariz. Ct. App. 2005), "and then apply the UCC only if the sale of goods predominates," *Sidi Spaces LLC v. Aluminum Trailer Co.*, No. 19-

4

CV-1476, 2020 WL 6799262, at *9 (D. Ariz. Oct. 22, 2020) (citation omitted) (applying Arizona law).

The record amply supports the bankruptcy court's finding that the predominant aspect of the HPA was the provision of services, rather than the sale of goods. For example, PHP's president, Tina Cannon, testified that the work needed to render the helicopter airworthy was "substantial" and required "thousands and thousands" of labor hours. The HPA required the aircraft to be "repaired to [Reish's] specifications," and "required significant work by PHP" in order for the aircraft "to be recertified as airworthy and to meet Reish's contract specifications." Moreover, PHP's services in restoring the aircraft accounted for approximately 70 percent of the total contract price, while parts accounted for only 30 percent. In light of this evidence, the bankruptcy court did not err in determining that the predominant purpose of the HPA was the provision of services. *See Generations Ranch, LLC v. Zarbock*, No. 1 CA-CV 10-0771, 2012 WL 161814, at *5 (Ariz. Ct. App. Jan. 19, 2012) (finding, under Arizona law, that a contract was predominantly one for goods where "the majority of the [c]ontract price . . . [was] for goods rather than services").

Because the transaction between PHP and Reish predominantly involved the provision of services rather than the sale of goods, Arizona's Uniform Commercial Code does not govern the transaction, and Reish cannot claim a "special property"

interest pursuant to this statute. *See* Ariz. Rev. Stat. Ann. § 47-2102 (noting that Arizona UCC "applies to transactions in goods"); *see also Sidi Spaces*, 2020 WL 6799262, at \*9. At the time PHP filed its bankruptcy petition, the aircraft Reish had contracted for therefore remained property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1) (stating that a bankruptcy filing creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case"). Under § 549 of the Bankruptcy Code, a trustee may avoid a transfer of estate property "that occurs after the commencement of the [bankruptcy] case" and that was not authorized by the court. 11 U.S.C. § 549(a)(1), (2)(B); *see also In re Straightline Invs., Inc.*, 525 F.3d 870, 877 (9th Cir. 2008). Here, it is undisputed that a post-petition transfer occurred without the permission of the bankruptcy court. Thus, the Trustee was entitled to avoid this transfer under § 549 and recover the value of the property under 11 U.S.C. § 550.

In light of this conclusion, we need not reach the bankruptcy court's alternative reasoning under 11 U.S.C. § 544.[1]

**AFFIRMED.**

---

[1] Appellants' Motion to Supplement the Record, filed July 2, 2021 (Docket No. 33) is granted.